**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:14-CV-02044 |
| | ) | |
| -vs- | ) | JUDGE LESLEY WELLS |
| | ) | |
| CASE WESTERN RESERVE | ) | |
| UNIVERSITY, et al., | ) | **MOTION FOR LEAVE TO** |
| | ) | **PROCEED PSEUDONYMOUSLY** |
| Defendants. | ) | |
| | ) | |

Plaintiff respectfully moves pursuant to Rule 10(a) of the Federal Rules of Civil Procedure for leave to proceed with this action under a pseudonym, to wit, John Doe, and for permission to file his true name with this court under seal.

This is an action involving discrimination and due process violations under Title IX and slander per se, among other claims, in relation to allegations of sexual misconduct against the Plaintiff. As a result of these unlawful proceedings, Plaintiff was first suspended from medical school for one year, and then subjected to double and triple jeopardy when he was expelled from medical school. His professional future was completely compromised.

The Sixth Circuit Court of Appeals recognizes that pseudonymous suits are allowed as a limited exception to the general rule under Fed. R. Civ. P. 10(a). *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). Courts contemplating a plaintiff's motion to proceed pseudonymously may consider "whether prosecution of the suit will compel the plaintiffs to disclose information of the

1

utmost intimacy," among other factors. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. Jan. 3, 2005). Courts have permitted plaintiffs to proceed anonymously or pseudonymously where "issues involved are matters of a sensitive and highly personal nature," and where the plaintiff's privacy interests "substantially outweigh the presumption of open judicial proceedings." *G.E.G. v. Shineski*, Case No. 1:10-CV-1124, 2012 U.S. Dist. LEXIS 13973 (W.D. Mich. Feb. 6, 2012), citing *Porter, supra*, at 560.

Prosecuting this case will require Plaintiff to "disclose information of the utmost intimacy" in regard to the interactions between Plaintiff and Jane Roe, whose privacy Plaintiff also seeks to protect by the use of a pseudonym. Litigating this case will necessarily require discussion of the intimate details of Plaintiff's and Jane Roe's sexual relations. Further, the aim of prosecuting this case is to right the wrongs of the Defendants' unlawful proceedings against Plaintiff, and to permit Plaintiff to resume his progress toward becoming a doctor. Should he succeed on the merits, and Plaintiff contends that he will do so, the very injustices which Plaintiff seeks to clear from his record via this prosecution will necessarily be made available to the public or future employers if he is forced to proceed under his true name. These matters are undoubtedly "of a sensitive and highly personal nature." Plaintiff's privacy interests in this case outweigh the presumption of open judicial proceedings.

It is also relevant for a court "to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, *supra*, at 636, citing *Porter*, *supra*, at 561. Plaintiff is prepared, and seeks leave from the Court, to file his true name and the true name of Jane Roe under seal. Thus, Defendants in this case will have no concern in regard to the sufficiency of the information available for their defense.

WHEREFORE, Plaintiff prays to be permitted to proceed under a pseudonym, and for permission to file his true name and Jane Roe's true name with this court under seal.

>Respectfully submitted,
>
>s/ Terry H. Gilbert
>Terry H. Gilbert (0021948)
>FRIEDMAN & GILBERT
>55 Public Square, Suite 1055
>Cleveland, Ohio 44113
>Phone: (216) 241-1430
>Fax: (216) 621-0427
>Email: tgilbert@f-glaw.com
>
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be available to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy of the foregoing will also be sent via certified mail to all Parties during service of the Summons and Complaint.

>s/ Terry H. Gilbert
>TERRY H. GILBERT
>Attorney for Plaintiff

3