IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO.    1:14cv2044 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **PLAINTIFF'S REPLY TO** |
| | ) | **DEFENDANTS' OPPOSITION TO** |
| CASE WESTERN RESERVE, et al., | ) | **PLAINTIFF'S NOTICE OF** |
| | ) | **SUPPLEMENTAL AUTHORITY** |
| Defendants. | ) | **IN SUPPORT OF MOTION FOR** |
| | ) | **PRELIMINARY INJUNCTION** |

Plaintiff John Doe, through counsel, respectfully submits his Reply asking the Court consider *Doe v. Regents of the University of Cal. San Diego*, Case No: 37-2015-00010549-CU-WM-CTL (San Diego County Superior Court of Cal., July 10, 2015)(unpublished) when ruling on Plaintiff's Motion for Preliminary Injunction. Plaintiff's notice of supplemental authority sought only to notify the Court of the case. In their Opposition, Defendants opened the door to analyzing the application and significance of the case and have compelled Plaintiff to offer an analysis to the Court. Contrary to the assertions in the Defendants' Opposition Brief, this decision is persuasive authority and is closely tied to the issues at hand.

In *Doe v. Regents of the University of Cal. San Diego*, the court found the student defendant's hearing to be unfair for a multitude of reasons. Most significantly, the student was not allowed to adequately cross-examine witnesses against him, and he was not presented with all of the underlying evidence upon which the disciplinary decision was ultimately based. Defendants claim these facts are distinguishable because Plaintiff's questions were asked in the first of three hearings. However, Defendants ignore the fact that Plaintiff's questions in that hearing were limited and altered, and that Plaintiff was not notified of nor allowed to attend the

1

hearing that resulted in his dismissal. Furthermore, the decision was influenced by evidence that was not presented to Plaintiff. Consequently, Plaintiff was ultimately provided with less due process protection than the student defendant in *Regents of the University of Cal. San Diego*.

While the decision is from a California state court, it reflects universal principals of due process. This is relevant, as CWRU's own procedures provide that "due process rights will be given to the accused." (ECF 29-1, Svilar Aff., Exhibit A, at 10.) As noted by the Supreme Court in *Mathews v. Eldridge*, "the fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "The 'right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976) (quoting *Joint Anti-Fascist Comm. v. McGrath,* 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring)). As detailed throughout the multiple filings requesting a preliminary injunction, Defendants, whose own policies promise due process, denied Plaintiff both the basic due process right to be heard and additional contractually-provided due process protections. The egregious decision to expel Plaintiff without allowing him to be heard and defend himself against the allegations violates both disciplinary and academic removal standards.

Furthermore, this case illustrates the nationwide concern with the overzealous and unfair punishment of students under the current Title IX sexual assault disciplinary guidelines.  In recent years, the courts have seen an influx of litigation concerning students who were disciplined following sexual assault allegations. *See e.g.*, *Wells v. Xavier Univ.*, 7 F. Supp. 3d 746 (S.D. Ohio 2014); *Doe v. Washington & Lee Univ.*, 2015 U.S. Dist. LEXIS 102426 (W.D.

Va. Aug. 5, 2015); *Vaughan v. Vt. Law Sch., Inc.*, 2011 U.S. Dist. LEXIS 86429, 2011 WL 3421521 (D. Vt. Aug. 4, 2011); *Tanyi v. Appalachian State Univ.*, 2015 U.S. Dist. LEXIS 95577 (W.D.N.C. July 22, 2015). Additionally, legal scholars have also expressed widespread criticism of overzealous Title IX sexual assault prosecutions and called for prompt systematic reform. *See e.g.*, Janet Halley, *Trading the Megaphone for the Gavel in Title IX Enforcement*, 128 Harv. L. Rev. F. 103 (2015); Matthew R. Triplett*, Sexual Assault on College Campuses: Seeking the Appropriate Balance Between Due Process and Victim Protection*, 62 Duke L.J. 487 (2012); Barclay Sutton Hendrix, *A Feather on One Side, A Brick on the Other: Tilting the Scale Against Males Accused of Sexual Assault in Campus Disciplinary Proceedings*, 47 Ga. L. Rev. 591 (2013); Stephen Henrick, *A Hostile Environment for Student Defendants: Title IX and Sexual Assault on College Campuses*, 40 N. Ky. L Rev. 49 (2013). As such, *Regents of the University of Cal. San Diego* reflects the evolving notion of due process in Title IX disciplinary hearings.

Plaintiff respectfully requests that the Court consider this supplemental authority when ruling on Plaintiff's Motion for Preliminary Injunction. (ECF Doc. No. 18).

Respectfully submitted,

FRIEDMAN & GILBERT

s/ Terry H. Gilbert
TERRY H. GILBERT (0021948)
JACQUELINE GREENE (0092733)
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Phone: (216) 241-1430
Fax: (216) 621-0427
Email: tgilbert@f-glaw.com
jgreene@f-glaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 11, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              s/ Terry H. Gilbert
                                              TERRY H. GILBERT
                                              Attorney for Plaintiff